**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED NOVEMBER 4, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

    No. 122922

PAUL E. McDANIEL,

    Defendant-Appellant.

_____

PER CURIAM

This case requires us to determine whether a police laboratory report is admissible, notwithstanding that it is hearsay, to prove the identity of a seized substance. The Court of Appeals held that the report was admissible under the public records exception to the hearsay rule, MRE 803(8), and affirmed defendant's conviction on one count of delivery of less than fifty grams of heroin, MCL 333.7401(2)(a)(iv).[1] We reverse the judgment of the Court

[1] Unpublished opinion per curiam, issued December 3, 2002 (Docket No. 234028).

of Appeals, vacate defendant's conviction, and remand the case to the trial court for further proceedings.

I

Defendant was charged with selling a packet of heroin to an undercover police officer. The contents of the packet were analyzed by a chemist who was a police officer and who prepared a report indicating that the packet contained heroin. However, at trial, the chemist who performed the analysis did not testify because he had retired. In his place, the prosecution presented Steven Gyure, a police department chemist who had worked in the department's laboratory for thirty-one years. He had no personal knowledge of what occurred during the test of the contents of the packet. Gyure's testimony, over defense counsel's objection, was that there had never been a misidentification of a substance during his years working for the department. The court found the foundation sufficient and admitted the report into evidence under MRE 803(8).

A jury convicted defendant as charged. His only issue on appeal was that, in the absence of the testimony of the chemist who conducted the analysis, the report constituted hearsay and was inadmissible under MRE 802. The

2

prosecution argued that the evidence was admissible under MRE 803(6) and (8), the business records and public records exceptions to the hearsay rule.[2]  In a divided decision, the Court of Appeals affirmed on the basis that the report was

[2]  Those exceptions read as follows:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

(6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with a rule promulgated by the supreme court or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

* * *

(8) Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, and subject to the limitations of MCL 257.264; MSA 9.2324.

3

admissible as a public record under MRE 803(8). The Court declined to rule on the report's admissibility under MRE 803(6). The defendant has sought leave to appeal.

## II

The decision whether to admit evidence is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. However, where, as here, the decision involves a preliminary question of law, which is whether a rule of evidence precludes admissibility, the question is reviewed de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

## III

The laboratory report at issue is, without question, hearsay. MRE 801(c).[3] As such, pursuant to MRE 802, it is not admissible unless it fits within at least one category of the allowable exceptions outlined in MRE 803 and 804. Admissibility was sought under MRE 803(8), which states that even though violative of hearsay rules, public records of "matters observed pursuant to duty imposed by law" are admissible, but that reports containing matters observed by police officers in criminal cases are not.[4]

---

[3] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

[4] We note that hearsay that is admissible under MRE 803

MRE 803(8) has been construed by the Court of Appeals in *People v Stacy*, 193 Mich App 19; 484 NW2d 675 (1992). There, following the interpretation of the federal counterpart to our rule, FRE 803(8), the *Stacy* Court held that the exclusion of hearsay observations by police officers was intended to apply only to observations made at the scene of the crime or while investigating a crime. The import of that holding is that MRE 803(8) allows admission of routine police reports, even though they are hearsay, if those reports are made in a setting that is not adversarial to the defendant. We do not deal with such a situation here. The report at issue, prepared by a police officer, was adversarial. It was destined to establish the identity of the substance—an element of the crime for which defendant was charged under MCL 333.7401. *People v Mass*, 464 Mich 615, 625-626; 628 NW2d 540 (2001). Thus, the Court of Appeals erred in applying *Stacy*. Because the report helped establish an element of the crime by use of hearsay observations made by police officers investigating the crime, the report cannot be admitted under MRE 803(8). Further, the error cannot be harmless because this was the

does not depend on the unavailability of the declarant. Thus, whether the chemist was available to testify is irrelevant to our analysis.

only evidence that established an element of the crime for which defendant was charged.

Defendant argues, also, that the laboratory report could not have been admitted under MRE 803(6), the business records exception. Although the Court of Appeals did not address that issue because it found the report admissible under MRE 803(8), we find that a remand for consideration of it is unnecessary. The hearsay exception in MRE 803(6) is based on the inherent trustworthiness of business records. That trustworthiness is undermined when the records are prepared in anticipation of litigation. *Palmer v* Hoffman, 318 US 109, 113-114; 63 S Ct 477; 87 L Ed 2d 645 (1943); *Solomon v* Shuell, 435 Mich 104, 120-121, 130, 132; 457 NW2d 669 (1990). Hence, the police laboratory report is inadmissible hearsay because "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." MRE 803(6).

Accordingly, we reverse the judgment of the Court of Appeals, vacate defendant's conviction, and remand to the trial court for proceedings consistent with this opinion.

> Maura D. Corrigan
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Marilyn Kelly
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

6