OPINION OF THE COURT
Budd G. Goodman, J.
*569 The defendant has been indicted in connection with three alleged apartment burglaries. In count two of the indictment he is charged with burglary in the second degree, and accused of entering 210 West 94th Street, apartment 3-E, sometime between December 30, 1999 and January .2, 2000, with intent to commit a crime therein. The only evidence linking the defendant to the crime is the discovery of three latent fingerprints on a television screen in the apartment. The prints were discovered on January 2, 2000 by Police Officer O’Toole of the 24th Precinct, who used white powder and a feather duster to locate the prints, “lifted” them from the screen by using tape and then transferred the prints to a fingerprint card. He forwarded the evidence to the New York City Police Department Latent Print Section for comparison testing. He also filled out a latent print report which described his activities and their results.
Officer O’Toole has now retired and is living in Ireland. The People have moved to introduce his latent print report into evidence at trial under the business records exception to the hearsay rule. The defendant has objected, and cites People v Rogers (8 AD3d 888 [3d Dept 2004]) in support of his contention that under Crawford v Washington (541 US 36 [2004]) the latent print report would not be admissible under the business records exception because information contained in the report is “testimonial” in nature. In Rogers the Third Department reversed a conviction because the trial court had admitted into evidence a report detailing the results of testing of the victim’s blood. The report had been generated by a private laboratory at the request of law enforcement, and the Court determined that its admission had violated that defendant’s Sixth Amendment right to cross-examine witnesses. The Court stated as to the report that “[b]ecause the test was initiated by the prosecution and generated by the desire to discover evidence against the defendant, the results were testimonial.” (People v Rogers, supra at 891.) The defendant contends that admitting the latent print report into evidence without the ability to cross-examine the report’s preparer concerning, for example, his methods and the care with which he uncovered and lifted the prints, would be a violation of his rights under the Sixth Amendment’s Confrontation Clause.
The People insist that the latent print report is not “testimonial,” and point out that, unlike the blood results in Rogers, it was not prepared at the prosecution’s request, and was made even before the defendant’s identity became known. Although it is unfortunately unclear exactly what the Supreme Court meant *570 by “testimonial,” it seems clear that its parameters are wider than the People contend, and include the “[i]nvolvement of government officers in the production of testimony with an eye toward trial.” (Crawford v Washington, supra at 56 n 7.) The fingerprints in question were not taken simply for administrative use. They were taken with the ultimate goal of apprehending and successfully prosecuting a defendant. In addition, the People’s contention that the Supreme Court would sanction the admission into evidence of the latent print report because it is a business record ignores the inconvenient fact that under rule 803 (8) (B) of the Federal Rules of Evidence the report would not be admitted in federal trials because that rule excludes “in criminal cases matters observed by police officers and other law enforcement personnel.”
I must conclude that the latent print report is testimonial in nature, and cannot be admitted into evidence at trial in the absence of Officer O’Toole.