OPINION OF THE COURT
Sheri S. Roman, J.
Defendant moves for a new trial, pursuant to CPL 330.30 (1) on the ground that defendant was denied his right of confrontation under the United States Constitution.
*421 On May 9, 2005, after a jury trial conducted before this court, defendant was found guilty of two counts of sodomy in the first degree, a class B violent felony, one count of kidnapping in the second degree, a class B violent felony, two counts of assault in the second degree, a class D violent felony, and one count of endangering the welfare of a child, a class A misdemeanor.
The charges arose out of an incident which took place on August 16, 1993. On that date defendant assaulted and forcibly sodomized a nine-year-old girl on the roof of the Queensbridge Housing Project. Because the victim was rendered unconscious by the defendant during the assault, she was not able to identify the defendant as the perpetrator in court. However, the jury convicted the defendant based upon a DNA profile of defendant’s saliva which matched a profile of DNA taken from semen contained on a rectal swab taken from the victim at Elmhurst Hospital on the day of the incident.
At trial, the People called an expert witness, Meredith Rosenberg, a level 4 criminologist employed in the forensic biology department of the Office of the Chief Medical Examiner. Ms. Rosenberg was qualified as an expert in the field of forensic biology and DNA typing. She testified that she supervised and reviewed the records of the DNA profile performed on the defendant’s saliva at the Office of the Chief Medical Examiner and she also reviewed the DNA profile taken from the victim’s anal swab done at Bode Technology Laboratory in Virginia. Ms. Rosenberg did not personally perform the DNA testing on either sample.
The sexual assault kit which contained swabs from the examination of the complainant (People’s exhibit 8) was received by the New York City Police Department on August 16, 1993. The sexual assault kit was stored with the New York City Police Department without having been tested until it was sent to Bode Technology, along with 225 other kits on August 2, 2002. Ms. Rosenberg testified that the New York City Police Department had a backlog of 16,000 sexual assault kits until the year 2000 when the Office of the Chief Medical Examiner (OCME) received grant money which permitted OCME to examine the sexual assault kits. However, since OCME could not examine all 16,000 kits, they subcontracted the testing of some of the kits to three independent private laboratories. The kit in this case was sent to Bode Technology in August 2002 with 224 others as part of the backlog project.
After the rape kit was examined at Bode, a report was generated by Bode which was sent to OCME on October 30, 2002. *422 The report contained the results of the DNA testing from the complainant’s sexual assault kit. Ms. Rosenberg testified that although Bode generates a report containing raw data, any conclusions or opinions reached by her from the data, such as the DNA profile, were her own and were not contained in any of the reports. The Bode Laboratory report stated that male DNA from sperm cells was present on the anal swab and only female DNA was present on the vaginal and oral swabs.
An oral swab taken from the defendant was received by OCME on March 10, 2004 and subjected to DNA testing at OCME. The DNA testing as described by Ms. Rosenberg consists of four parts: extraction, quantification, amplification and DNA typing. During the typing phase, a computer prints out an electropheragram from which, Ms. Rosenberg testified, she developed a DNA profile. She compared that profile to the profile she developed from the testing of defendant’s oral swabs at OCME. She testified that in her opinion, from comparing the two profiles, the defendant, Michael Brown, was the source of the male DNA from the sexual assault kit sent to Bode Technology.
Prior to sentencing, defense counsel filed the instant motion to set aside the verdict on the ground that the defendant’s right of confrontation was violated. Defendant’s motion is based upon the fact that the persons who actually performed the DNA testing at Bode and at OCME were not called as witnesses by the People. The laboratory case file for each DNA sample was introduced in evidence by the People under CPLR 4518, the business record exception to the hearsay rule as the basis upon which Ms. Rosenberg gave her expert opinion. Each case file (People’s exhibits 9, 10) contains notes and computerized data documenting the analysis process as well as a laboratory report which summarized the DNA test results.
Defense counsel contends that the introduction of the DNA files from Bode and OCME (People’s exhibits 9, 10) violates the ruling of the United States Supreme Court in Crawford v Washington (541 US 36 [2004]), which held that the introduction of testimonial hearsay without the declarant being available to testify was a violation of the defendant’s right of confrontation. Defense counsel contends that the laboratory reports which were used by Ms. Rosenberg as the basis of her conclusion contain testimonial hearsay statements made by persons who did not testify at trial and as such should not have been admitted into evidence pursuant to Crawford (supra). Defendant contends that, since Ms. Rosenberg did not perform or *423 witness the DNA tests nor participate in quality assurance checks at the laboratories, her testimony was based upon hearsay statements made by persons not subject to cross-examination.
In opposition to the motion, the People contend that the DNA evidence was not testimonial and that it was properly admitted under the business records exception to the hearsay rule. In addition, the People contend that the DNA records were not a violation of Crawford {supra) because the DNA analysis from each laboratory was not offered for its truth, but was offered only to show the basis of the expert’s opinion.
This court does not credit the People’s contention that the records were not offered for their truth because the facts contained in the records were taken to be true by the People’s expert and were relied upon by her in formulating her opinions.
CPL 330.30 (1) states that the court may set aside a verdict if the defense raises a ground which appears in the record which would require a reversal of the judgment by an appellate court as a matter of law.
After reviewing the defendant’s motion, the People’s affirmation in opposition, and all other pleadings and proceedings had herein, this court finds that the defendant’s motion to set aside the verdict must be denied.
In Crawford v Washington (541 US 36 [2004]), the United States Supreme Court held that:
“[I]f, in a criminal proceeding, a ‘testimonial’ statement is admitted against the accused, the defendant has an absolute right, under the Confrontation Clause of the Sixth Amendment!,] to cross-examine the person who made that statement. The Supreme Court held all such statements inadmissible if the witness is unavailable and the defendant did not have a prior opportunity to cross-examine.” (People v Diaz, 21 AD3d 58, 63-64 [1st Dept 2005].)
The Court stressed that “[i]nvolvement of government officers in the production of testimony with an eye toward trial presents unique potential for prosecutorial abuse.” {Crawford at 56 n 7.) It also concluded that “at a minimum, [the term ‘testimonial’ applied] to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.” (People v Diaz, 21 AD3d at 64.)
This court finds that the DNA test results from Bode Technology and OCME were properly allowed into evidence as business *424 records and that the admission of those records did not violate the defendant’s right to confrontation pursuant to Crawford (supra).
The notes and records of the laboratory technicians who tested the DNA samples in this case were not made for investigative or prosecutorial purposes but rather were made for the routine purpose of ensuring the accuracy of the testing done in the laboratory and as a foundation for formulating the DNA profile.
This court is in agreement with the court in People v Durio (7 Misc 3d 729, 735 [Sup Ct, Kings County 2005]), in which the court stated that “[t]he OCME is not a law enforcement agency and is by law, independent of and not subject to the control of the office of the prosecutor” (internal quotation marks omitted, quoting People v Washington, 86 NY2d 189, 192 [1995]). In that case the court held that the admission of an autopsy report as a business record without calling the physician who performed the autopsy was not a violation of defendant’s right of confrontation. The court found that the autopsy report was not prepared with litigation in mind nor for the benefit of the prosecution. Similarly, in the instant case, the notes of the many laboratory personnel who conducted the four steps of DNA profiling over several days were made during a routine, nonadversarial process meant to ensure accurate analysis and not specifically prepared for trial. Because DNA testing requires multiple steps done by multiple technicians over multiple days, all of the steps in the process must be documented for the benefit of supervisors and technicians who perform subsequent testing functions.
In People v Bones (17 AD3d 689 [2d Dept 2005]), a case with similar facts to this case, in which a conviction was obtained based upon a comparison of a DNA sample examined at the OCME and one examined at an independent private laboratory, the Court stated that the DNA test report based upon the testing supervised by the expert witness at OCME was properly admitted under the business records exception to the hearsay rule. The Appellate Division, Second Department, affirmed the conviction but did not, however, consider whether the admission of the report violated defendant’s right to confrontation as that issue was not preserved for appeal.
With respect to whether the admission of laboratory reports as business records without the testimony of the preparer violates a defendant’s right of confrontation, the court in People v Kanhai (8 Misc 3d 447, 451 [Sup Ct, Queens County 2005]) *425 held that records of calibration tests were properly admissible as a business record because the records were not prepared solely for litigation purposes stating, “[I]f there are business, administrative, or regulatory reasons requiring documents to be made, they should be admissible” (citing People v Foster, 27 NY2d 47 [1970]). In addition, as the court noted in Kanhai, the records pertaining to the testing of the calibration of the breathalyzer machines, similar to the records of the DNA testing in this case, do not contain opinions of a testimonial nature, “[the records] are simply memorializations of tests [that were] conducted” (at 453).
This court is aware that there have been recent cases in New York, such as People v Rogers (8 AD3d 888 [3d Dept 2004]), in which a blood test report prepared by a private lab at the request of law enforcement for purposes of prosecution was held inadmissible without the testimony of the preparer, and People v Hernandez (7 Misc 3d 568 [Sup Ct, NY County 2005]), in which a latent fingerprint report was held not to be admissible without the person who prepared the report. In those cases, the courts did not allow the reports into evidence finding that they were testimonial because they were prepared solely for litigation. In this case, the notes of the DNA testers were not prepared solely for litigation but were routine entries made to assist in the profiling of DNA.
As this is a novel issue in New York, this court also examined cases from other jurisdictions. The Supreme Court of New Mexico in State v Dedman (136 NM 561, 102 P3d 628 [2004]) held that the admission of a blood alcohol report as a business record did not violate Crawford because such report was not testimonial in the nature of prior testimony at a preliminary hearing, grand jury or former trial, which were the examples provided in Crawford (supra). In Commonwealth v Verde (444 Mass 279, 283, 827 NE2d 701, 705 [2005]), a case involving the admission of a chemical analysis of cocaine, the Supreme Judicial Court of Massachusetts found the admission of the chemical analysis test not to be a violation of Crawford, stating that “[Certificates of chemical analysis are neither discretionary nor based on opinion; rather, they merely state the results of a well-recognized scientific test determining the composition and quality of the substance.” The court in Verde also stated that “we do not believe that the admission of these certificates of analysis implicate the principal evil at which the Confrontation Clause was directed . . . particularly its use of ex parte *426 examinations as evidence against the accused” (444 Mass at 284, 827 NE2d at 706 [internal quotation marks omitted]). The DNA testing records in this case, likewise, are not the type of testimonial evidence the Supreme Court in Crawford intended to exclude. Rather, the DNA files are the type of business records which Crawford held not to be testimonial. Also see People v Johnson (121 Cal App 4th 1409, 18 Cal Rptr 3d 230 [2004]), in which the Court of Appeals of California held that a lab report is routine documentary evidence, the admission of which does not violate the Confrontation Clause. In that case, the court stated, “A laboratory report does not ‘bear testimony/ or function as the equivalent of in-court testimony” (121 Cal App 4th at 1412, 18 Cal Rptr 3d at 233).
Therefore, as the admission into evidence of the DNA reports is not a ground which would require a reversal of the judgment by an appellate court as a matter of law, defendant’s application to set aside the verdict pursuant to CPL 330.30 (1) is denied.