PEOPLE v JAMBOR (ON REMAND)

Docket No. 259014. Submitted October 25, 2006, at Lansing. Decided
    January 4, 2007, at 9:05 a.m.

Dwight-Sterling D. Jambor, charged in the Oakland Circuit Court
    with breaking and entering a building with intent to commit
    larceny, moved to exclude from evidence seven cards containing
    latent fingerprints gathered at the crime scene, arguing that they
    constituted inadmissible hearsay after the death of the evidence
    technician who collected the prints. The court, Mark A. Goldsmith,
    J., granted the defendant's motion with respect to four of the
    cards, one of which purportedly contained a latent print matching
    the defendant's fingerprint, concluding that the prosecution had
    failed to lay a proper foundation for their admission. The court
    denied the defendant's motion with respect to the remaining
    cards. The prosecution appealed, and the defendant cross-
    appealed. The Court of Appeals, FITZGERALD and CAVANAGH, JJ.
    (COOPER, P.J., concurring), affirmed, concluding that the prosecu-
    tion had failed to authenticate the four cards, as required by MRE
    901, and had failed to establish a proper foundation for their
    admission. 271 Mich App 1 (2006). The Supreme Court, in lieu of
    granting the prosecution leave to appeal, reversed the judgment of
    the Court of Appeals, concluding that the cards had been properly
    authenticated, and remanded the case to the Court of Appeals for
    consideration of the remaining issues raised on appeal and cross-
    appeal. 477 Mich 853 (2006).

On remand, the Court of Appeals *held*:

1. The fingerprint cards are admissible as business records
    under the business records exception to the hearsay rule, MRE
    803(6). While MRE 803(6) permits the exclusion of a business
    record if it lacks sufficient indicia of trustworthiness, which can
    occur when a record, such as a police report, is prepared in
    anticipation of litigation, those circumstances are not present in
    this case. The fingerprint cards were prepared with the ultimate
    goal of identifying a suspect, but they were not prepared specifi-
    cally in anticipation of litigation against the defendant. The police
    had identified no suspect at the time, and no adversarial relation-
    ship existed between them and the defendant.

2. The fingerprint cards are also admissible as a public record under the public records exception to the hearsay rule, MRE 803(8). That exception allows the admission of routine police reports made in a nonadversarial setting. Simply collecting a latent fingerprint from an object is ministerial, objective, and nonevaluative. The technician prepared the cards as part of a routine investigation at a time when the defendant was not a suspect. Moreover, the cards contained only objective information concerning the location where the technician found the prints.

3. Admission of the fingerprint cards will not violate the defendant's right to confront witnesses against him. Because the cards contained no subjective statements and are admissible under MRE 803(6), they are not testimonial under the principles established in *Crawford v Washington*, 541 US 36 (2004).

Suppression of fingerprint cards reversed and case remanded for reinstatement of charge against the defendant.

COOPER, P.J., concurred in the result only, but wrote separately to urge the Supreme Court to reconsider whether the business records exception of MRE 803(6) should include fingerprint cards prepared by a police officer in the course of a crime scene investigation. Judge COOPER also stated that because such cards are matters observed by police officers in criminal cases, the public records exception of MRE 803(8) should exclude their admission.

1. EVIDENCE — HEARSAY — BUSINESS RECORDS EXCEPTION — CRIMINAL LAW — FINGERPRINTS.

A card containing a latent fingerprint that was collected and prepared during the normal course of investigating a crime scene using regularly established practices with the goal of identifying a suspect is admissible under the business records exception to the hearsay rule (MRE 803[6]).

2. EVIDENCE — HEARSAY — PUBLIC RECORDS EXCEPTION — CRIMINAL LAW — FINGERPRINTS.

A card containing a latent fingerprint that was collected and prepared as part of a routine police investigation and that contains only objective information, such as the location from which the print was collected, is admissible under the public records exception to the hearsay rule (MRE 803[8]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attor-

ney, *Joyce F. Todd*, Appellate Division Chief, and *Danielle Walton*, Assistant Prosecuting Attorney, for the people.

*Mitchell, Lord & Associates, PLLC* (by *Gregory Fisher Lord*), for the defendant.

ON REMAND

Before: COOPER, P.J., and CAVANAGH and FITZGERALD, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court. We reverse.

The facts underlying this case are set forth in our initial opinion. See *People v Jambor*, 271 Mich App 1; 717 NW2d 889, rev'd 477 Mich 853 (2006). To summarize, on August 20, 2003, a break-in occurred at the Bloomfield Surf Club in Bloomfield Township. Officer Paul Schwab responded to the scene and learned that the perpetrator had gained entrance to the club by breaking a sliding glass window. Approximately $50 had been taken from a cash box, which was located on a counter. Evidence technician Robert Brien responded to the scene and lifted fingerprints from the point of entry and the cash box. Brien attached the tape for each print lifted to an individual fingerprint card, and on the back of each fingerprint card he wrote the complaint number, the date, and the location from which the fingerprint was lifted. Brien recovered seven fingerprints. He attached three fingerprints to black fingerprint cards and four fingerprints to white fingerprint cards. At the time the fingerprints were lifted from the scene, no person had been identified as a suspect. The fingerprints were placed in the Automated Fingerprint Identification System (AFIS). The AFIS identified a fingerprint on a

white fingerprint card as belonging to defendant. No fingerprint on any other fingerprint card matched defendant's fingerprints. Defendant was charged with breaking and entering with intent to commit larceny in connection with the incident.

Defendant moved to exclude the seven fingerprint cards on the ground that they constituted inadmissible hearsay. The trial court held an evidentiary hearing on September 22, 2004. Brien had died in the interim; therefore, Schwab testified regarding Brien's activities at the crime scene. Schwab testified that the location listed on each card was consistent with a location where he observed Brien lift a fingerprint. Schwab identified the handwriting on each card as that of Brien. Schwab acknowledged that during the time he observed Brien at the scene, he saw Brien use only black cards.

The trial court granted defendant's motion to suppress in part and denied it in part. The trial court excluded the four white cards on the ground that the prosecution had failed to lay a proper foundation for the admission of those cards into evidence. The trial court ruled that the black cards were admissible under MRE 803(8), the public records exception to the hearsay rule, because they were made part of a police report at a time when there was no adversarial relationship with defendant. The trial court then granted defendant's motion to dismiss the case.

We affirmed the trial court's dismissal of the case after concluding that the trial court did not abuse its discretion by determining that the prosecution had failed to authenticate the four white fingerprint cards and that the proper foundation for admission of the evidence was not established. The Supreme Court reversed our judgment, holding that the white fingerprint cards were properly authenticated under MRE 901 as fingerprint cards relating to the offense. 477 Mich 853

(2006). The Court directed us to consider on remand the remaining issues raised by the parties in the initial appeal and cross-appeal. We must now determine whether admission of the fingerprint cards would violate the rules of evidence or the Confrontation Clause.[1]

The decision to admit or exclude evidence is reviewed for an abuse of discretion. *People v Bauder*, 269 Mich App 174, 179; 712 NW2d 506 (2005). A preliminary issue of law regarding admissibility based on construction of a constitutional provision, rule of evidence, court rule, or statute is subject to review de novo. *People v Jones*, 270 Mich App 208, 211; 714 NW2d 362 (2006).

### A. HEARSAY EXCEPTIONS

"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). A statement can be either an oral or a written assertion. MRE 801(a). Hearsay is inadmissible unless subject to an enumerated exception. MRE 802.

### 1. MRE 803(6)

MRE 803(6), the business records exception to the hearsay rule, provides in pertinent part that the following are not excluded by the hearsay rule:

> Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business

---

[1] US Const, Am VI.

activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with a rule promulgated by the supreme court or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The business records exception is based on the inherent trustworthiness of business records. But that trustworthiness is undermined and can no longer be presumed when the records are prepared in anticipation of litigation. *Solomon v Shuell*, 435 Mich 104, 120-121; 457 NW2d 669 (1990) (police reports deemed inadmissible under MRE 803[6] because officers who prepared reports knew they were subjects of a homicide investigation). *People v McDaniel*, 469 Mich 409; 670 NW2d 659 (2003), concerned the admissibility of a laboratory report identifying as heroin the contents of a packet sold by the defendant to an undercover officer. The chemist who tested the contents of the packet did not testify at trial. Another police chemist testified, however, that a misidentification of a substance had never occurred during his term of employment. The trial court admitted the evidence, and a jury convicted the defendant. This Court affirmed the defendant's conviction. *Id*. at 410-412. The *McDaniel* Court found that the report was inadmissible under MRE 803(6) because it was prepared in anticipation of litigation and, therefore, was not sufficiently trustworthy. *Id*. at 414.[2]

The prosecution argues that the fingerprint cards were admissible under MRE 803(6). The prosecution notes that Schwab testified that Brien prepared the fingerprint cards in the normal course of practice for an

---

[2] This Court did not rule on the admissibility of the report under MRE 803(6), but the Supreme Court chose to address the issue.

evidence technician. Moreover, the prosecution emphasizes that when Brien prepared the fingerprint cards, no person, including defendant, was identified as a suspect in the break-in. Therefore, the fingerprint cards did not lack sufficient indicia of trustworthiness.

Defendant argues that the fingerprint cards constitute hearsay not admissible under any exception. Specifically, defendant asserts that fingerprint cards are not admissible under the public records exception of MRE 803(8) and that admission of the cards under MRE 803(6) would be inconsistent with the purposes of MRE 803(8).

The uncontradicted evidence showed that the fingerprint cards were prepared during the normal course of investigating a crime scene. Schwab observed Brien prepare some of the cards using regularly established practices. Moreover, it is undisputed that no person was identified as a suspect in the break-in at the time Brien prepared the fingerprint cards. This fact distinguishes this case from *McDaniel*. In *McDaniel*, the laboratory report at issue was prepared with the goal of establishing an element of the crime with which the defendant was charged, i.e., that the substance the defendant delivered was heroin. The *McDaniel* Court reasoned that the trustworthiness inherent in business records was undermined when the report was prepared in anticipation of litigation; therefore, the report was inadmissible because the circumstances under which it was prepared lacked sufficient indicia of trustworthiness. *McDaniel, supra* at 414; see also *People v Huyser*, 221 Mich App 293, 298; 561 NW2d 481 (1997) (physician's report inadmissible under MRE 803[6] because prepared specifically for purposes of litigation against the defendant).

Here the fingerprint cards were prepared with the ultimate goal of identifying a suspect in the break-in,

but were not prepared specifically in anticipation of
litigation against defendant. No adversarial relation-
ship existed between defendant and law enforcement at
the time the fingerprint cards were prepared. The
argument that evidence such as fingerprint cards pre-
pared under circumstances similar to those presented
by this case is inadmissible under MRE 803(6) and
*McDaniel* could, taken to its logical extreme, preclude
the admission of any physical evidence such as finger-
prints or shoeprints. No authority holds that such
evidence, which must be collected and preserved by law
enforcement to be useable, is inadmissible under all
circumstances. Such a holding would not serve the
purposes of MRE 803(6). We conclude that the finger-
print cards are admissible as business records under
MRE 803(6).

### 2. MRE 803(8)

MRE 803(8), the public records exception to the
hearsay rule, provides that the following are not ex-
cluded by the hearsay rule:

> Public Records and Reports. Records, reports, state-
> ments, or data compilations, in any form, of public offices
> or agencies, setting forth (A) the activities of the office or
> agency, or (B) matters observed pursuant to duty imposed
> by law as to which matters there was a duty to report,
> excluding, however, in criminal cases matters observed by
> police officers and other law enforcement personnel, and
> subject to the limitations of MCL 257.624.[3]

The public records exception has been construed to
allow admission of routine police reports made in a
nonadversarial setting, notwithstanding the literal lan-

---

[3] MCL 257.624 details the types of reports that are not available for use
in court actions. The limitations in this statute are inapplicable in this
case.

guage of the rule. *McDaniel, supra* at 413; *People v Stacy*, 193 Mich App 19, 33; 484 NW2d 675 (1992).

The trial court ruled that MRE 803(8) did not preclude admission of the fingerprint cards. The prosecution argues that the fingerprint cards are admissible under MRE 803(8) because they contain only routine information and were prepared as part of an investigation during a time when defendant was not a suspect in the break-in. Defendant argues that MRE 803(8) precludes admission of the fingerprint cards because the cards contain information regarding matters observed by law enforcement personnel.

The fingerprint cards contained "matters observed by police officers" to the extent that the fingerprint cards identified the locations at which the fingerprints were found. But Brien prepared the fingerprint cards as part of a routine police investigation of a break-in. The mere lifting of a latent print from an object is, in and of itself, "ministerial, objective, and nonevaluative." *United States v Gilbert*, 774 F2d 962, 965 (CA 9, 1985) (fingerprint card and note on card specifying location of print admissible under FRE 803[8]). Furthermore, in this case the fingerprint cards were prepared at a time when defendant was not a suspect and, therefore, in a setting that was not adversarial to defendant. Cf. *McDaniel, supra* at 413.

The present case is distinguishable from *People v Hernandez*, 7 Misc 3d 568; 794 NYS2d 788 (2005), on which defendant relies for the proposition that admission of fingerprint cards is precluded under the public records exception to the hearsay rule. In *Hernandez*, the court construed FRE 803(8) to exclude a latent fingerprint report. But that report, unlike the fingerprint cards at issue in this case, contained information regarding the technician's activities on the day the

prints were lifted and detailed the methods the techni-
cian used to recover the prints. The report contained
subjective and evaluative information in addition to
objective information. The fingerprint cards prepared
by Brien are comparable to the card deemed admissible
in *Gilbert* in that they were prepared as part of a
routine investigation and contained only objective in-
formation. We conclude that the fingerprint cards are
admissible as public records pursuant to MRE 803(8).

### B. CONFRONTATION CLAUSE

The Confrontation Clause guarantees an accused the
right to confront witnesses against him. US Const, Am
VI. In *Crawford v Washington*, 541 US 36; 124 S Ct
1354; 158 L Ed 2d 177 (2004), the United States
Supreme Court overruled its prior decision in *Ohio v
Roberts*, 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597
(1980), and held that testimonial hearsay evidence,
such as a statement made to police, is admissible only in
circumstances in which the declarant is unavailable,
and only if the defendant had a prior opportunity to
cross-examine the declarant. The *Crawford* Court noted
that although the ultimate goal of the Confrontation
Clause is to ensure the reliability of evidence, it is a
procedural rather than a substantive guarantee, and
held that admitting a hearsay statement deemed reli-
able by a judge pursuant to various factors was at odds
with the right of confrontation guaranteed by the
Confrontation Clause. The *Crawford* Court reasoned
that the Confrontation Clause demanded not only that
evidence be reliable, but also that its reliability be
assessed by testing it by cross-examination. *Crawford,
supra* at 60-68.

The *Crawford* Court declined to provide a compre-
hensive list of what hearsay statements are testimonial.

However, the *Crawford* Court went so far as to hold that prior trial testimony clearly constituted testimonial hearsay, as did pretrial statements if the declarant could reasonably expect that the statement would be used "in a prosecutorial manner," see *People v Lonsby*, 268 Mich App 375, 377; 707 NW2d 610 (2005) (plurality opinion), and if the statement was made " 'under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' " *Crawford*, 541 US at 51-52 (citation omitted). The *Crawford* Court did observe that business records are not testimonial. *Id.* at 56.[4]

The prosecution argues that the fingerprint cards are business records and, therefore, admission of the cards will not violate the Confrontation Clause. For the reasons stated earlier, we conclude that the fingerprint cards are admissible under the business records exception to the hearsay rule; therefore, the cards are not testimonial. *Id.*

Even assuming that the fingerprint cards are not admissible as business records or public records, *Crawford* does not preclude admission of the cards. In *Lonsby*, Judge SAAD stated that testimony from a serologist about a nontestifying serologist's notes and lab report constituted testimonial hearsay that was inadmissible under *Crawford* because the nontestifying serologist reasonably would have expected that the notes and report would be used in a prosecutorial manner. *Lonsby, supra* at 391. The other members of the *Lonsby* panel concurred in the result only. Judge SAAD also noted that other jurisdictions were split regarding whether a lab report itself was testimonial

---

[4] Rehnquist, C.J., concurring, also asserted that public records are not testimonial. *Id.* at 76.

and whether admission of such a report violated the Confrontation Clause. *Id.* at 391 n 10.

This case differs from *Lonsby* and *Hernandez* in that the fingerprint cards prepared by Brien contained no subjective statements, whereas the reports at issue in *Lonsby* and *Hernandez* detailed the analytical work performed by the nontestifying technician. Brien did not compare the fingerprints he found at the scene of the break-in to any other prints on file. Personnel at the AFIS performed that comparison. No information recorded by Brien on the cards could be used to assert that any fingerprint found at the scene belonged to defendant. Any testimony to the effect that a print lifted by Brien matched a print belonging to defendant would come from another source and presumably would be subject to cross-examination. Accordingly, we conclude that admission of the fingerprint cards will not violate *Crawford*.

We reverse that portion of the trial court's ruling suppressing the white fingerprint cards and remand for reinstatement of the charge against defendant. Jurisdiction is not retained.

COOPER, P.J. (*concurring*). I concur in the result only, because I am bound to do so by the current state of the law, but I would urge our Supreme Court to reconsider whether the boundaries of MRE 803(6) may or should really stretch so far as to include fingerprint cards prepared by a police officer in the course of an investigation of a crime scene. I would find that those cards properly fall within "matters observed by police officers" "in criminal cases," and that MRE 803(8) ought to exclude them.