*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GARY DAWAYNE JOHNSON,

Defendant-Appellant.

UNPUBLISHED
January 27, 2025
10:12 AM

No. 366849
Oakland Circuit Court
LC No. 2022-280506-FC

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant was convicted by a jury of several offenses after a home invasion and robbery. Defendant challenges the admission of phone records and a traffic citation defendant had received 10 days before the incident. We affirm.

In December 2019, Jonathan Brossia hosted a party. Sometime after midnight, Brossia's girlfriend at the time, Miranda Fields, arrived at the home. At about 2:30 a.m., two armed men entered the home. The men refused to leave and threatened to shoot Brossia's dog. One of the men hit Brossia in the head with a shotgun. The men made the guests sit on the kitchen floor and gathered items from the house, threatening to shoot the dozen or so guests if they followed them or called the police. The men got into a Chevrolet Malibu and drove away.

Officers arrived soon after, and Sergeant Craig Francis followed the suspects in the Malibu. The car eventually stopped in an apartment complex, and both men fled. Officers found a shotgun with apparent blood on it in the Malibu. They were not able to find the perpetrators, but they determined that the registered owner of the car was Taquilla Burkett. A dispatcher also found that defendant had previously been issued a citation while driving the Malibu. Burkett gave Detective Gregg Allen defendant's phone number. The phone was registered to defendant's mother.

Detective Allen reviewed the phone records and determined that defendant had a phone conversation with Burkett on the day of the home invasion. Defendant's phone also sent and received text messages and phone calls in the time immediately before and after the home invasion. One of the phone numbers with whom defendant communicated belonged to Micah Ellison, who was a friend of defendant's and lived in the apartment complex where the Malibu stopped

-1-

following the police pursuit. When Detective Allen spoke with defendant over the phone, defendant denied being in possession of Burkett's car and said that they had broken up. Defendant denied speaking with Burkett or Ellison or being involved in a home invasion.

Detective Allen obtained a search warrant and searched the Malibu. He found items taken from the residence. Detective Allen also spoke with several of the victims. Detective Allen presented photo lineups and explained that the person who committed the offense "may or may not be pictured in the photographs." Brossia was not able to identify defendant. Fields, however, identified both men in the photo lineups.

At trial, many of the victims of the incident testified. Fields was the only witness who identified defendant as one of the perpetrators, and she testified that she would never forget defendant's face. She also explained that she had recognized defendant "immediately" when she saw the photo lineup. Although Fields testified that she knew that the suspect would be in the photo lineup, Detective Allen testified that that he had instructed Fields that the perpetrators may or may not be in the photo lineup. Further, Detective Allen testified that Fields identified defendant within three seconds of looking at the pictures. Fields had first stated that she was 95% sure that defendant was one of the perpetrators and then, seconds later, said she was 100% sure.

When the prosecutor asked Sergeant Francis about the vehicle's citation history, defense counsel objected that the information from the dispatcher was hearsay. The prosecutor argued that the MRE 803(8) exception applied. The trial court found that the traffic citation was admissible under MRE 803(6) and (8).

At the close of the prosecutor's case, defense counsel moved for a directed verdict, which the trial court denied. In closing, the prosecutor emphasized that Fields had identified defendant in the photo lineup, without hesitation, and she had identified him at trial. The prosecutor did not specifically refer to the traffic citation. The jury found defendant guilty of three counts of armed robbery, MCL 750.529; three counts of carrying a firearm during the commission of a felony, MCL 750.227b; one count of first-degree home invasion, MCL 750.110a(2); and one count of third-degree fleeing and eluding a police officer, MCL 257.602a(3).

Defendant now appeals.

First, defendant challenges the admission of the phone records. Trial counsel, however, stipulated to the admission of these records. Waiver is "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (cleaned up). A party who waives a right "may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (cleaned up). A defendant's affirmative approval of the admission of evidence constitutes a waiver. *People v McDonald*, 293 Mich App 292, 295; 811 NW2d 507 (2011). Defendant therefore waived any

challenge to the admissibility of the phone records, and we will not consider the matter further on appeal.[1]  See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000).

Next, defendant argues that the trial court erred by admitting the traffic citation because it was hearsay and violated the Confrontation Clause.  At trial, defendant objected to the admission of the citation as hearsay.  Defendant did not, however, object on the basis that its introduction violated the Confrontation Clause.  Accordingly, defendant preserved the hearsay challenge, but not his Confrontation Clause challenge.

This Court reviews for an abuse of discretion preserved issues related to a trial court's decision to admit evidence, but reviews de novo questions of law, including "whether a rule of evidence or statute precludes the admission of particular evidence."  *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014).  A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes.  *People v Rose*, 289 Mich App 499, 524; 808 NW2d 301 (2010).  "A preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative."  *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013) (cleaned up).

Unpreserved errors are reviewed for plain error affecting a defendant's substantial rights. *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022).  To establish entitlement to relief under the plain-error rule, a defendant must demonstrate that an error occurred, the error was clear or obvious, and the error affected substantial rights.  *Id*.  "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *People v Carines*, 460 Mich 750, 736; 597 NW2d 130 (1999) (cleaned up).

Generally, hearsay, an out-of-court statement offered to prove the truth of the matter asserted, is inadmissible.  *People v Green*, 313 Mich App 526, 531; 884 NW2d 838 (2015).  See also MRE 801 and 802.  The prosecutor argues that the citation was admissible under MRE 803(8), the public-records exception to the hearsay rule.[2]  This "public records exception has been construed to allow admission of routine police reports made in a nonadversarial setting, notwithstanding the literal language of the rule."  *People v Jambor*, 273 Mich App 477, 484-485; 729 NW2d 569 (2007).  At the time of this trial, MRE 803(8) provided for the admission of:

> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters

---

[1] Defendant did not raise an ineffective assistance of counsel claim on appeal.  Although he referred to the concept briefly in his brief, he did not include a claim in the questions presented nor did he develop a claim in his brief.  The mere mention of a legal argument is not sufficient, in itself, to raise a claim on appeal.

[2] The Michigan Rules of Evidence were amended after this trial.  Citations and references to MRE 801, MRE 802, and MRE 803 in this opinion refer to the version in effect at the time of trial

observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, and subject to the limitations of MCL 257.624.[3]

Our Supreme Court has held that a report prepared by law enforcement was made in an adversarial setting when it was intended to establish an element of a crime. See *People v McDaniel*, 469 Mich 409, 413; 670 NW2d 659 (2003).

We need not dwell on whether the issuance of a driving citation qualifies as an adversarial setting. Assuming for argument's sake that the citation was hearsay and did not fall under the exception in MRE 803(8), any error in its admission was harmless in light of the other evidence linking defendant with the vehicle and with the offenses. Sergeant Francis followed the Malibu until it pulled over and the two individuals fled. Items stolen during the home invasion were found in the Malibu, as was the shotgun with apparent blood on it. Burkett provided defendant's phone number to Detective Allen, and Detective Allen spoke with defendant, who admitted to having been previously in a relationship with Burkett. Defendant's phone records demonstrated that defendant spoke with Burkett on the day of the home invasion and that he had communicated with Ellison, who lived in the apartment complex where the Malibu stopped and the individuals fled.

Crucially, before and at trial, Fields identified defendant as one of the perpetrators. Although defendant argues on appeal that the credibility of eyewitness identification is questionable, Fields did not give an uncertain identification. She confidently identified defendant in the photo lineup and confirmed this identification at trial. Accordingly, even if the trial court had not admitted the traffic citation, there was sufficient evidence from which the jury could find that defendant was one of the perpetrators. Defendant has not demonstrated that it was more likely than not that the admission of the citation was outcome-determinative to warrant reversal. See *Burns*, 494 Mich at 110.

Further, defendant has not established plain error affecting his substantial rights under the Confrontation Clause. Under Article 1, § 20 of the Michigan Constitution, and the Sixth Amendment to the United States Constitution, a criminal defendant has the right to confront witnesses against him. *People v Washington*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165296); slip op at 6. But similarly, assuming for argument's sake that admission of the citation violated the Confrontation Clause, defendant has not established that its admission was outcome-determinative. The citation was offered as circumstantial evidence, linking defendant to the Malibu, but other admissible evidence also connected defendant to the offenses, and Fields identified defendant. Moreover, the prosecutor did not mention the citation in his closing

---

[3] The limitations in this statute relate to reports involved in automobile accidents and are, therefore, inapplicable to this case.

argument, instead, emphasizing Fields's clear, unequivocal identification of defendant.  Therefore, any error in admitting the citation was harmless, and defendant is not entitled to reversal.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron