# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KELWIN DWAYNE EDWARDS,

        Defendant-Appellant.

UNPUBLISHED
March 12, 2015

No. 318092
Wayne Circuit Court
LC No. 13-000329-FC

---

Before: MARKEY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of assault with intent to commit murder (AWIM), MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 51 months to 11 years' imprisonment for his assault with intent to commit murder conviction and two years' imprisonment for his felony-firearm conviction. We affirm.

Defendant asserts that the trial court erred regarding its instruction to the jury on self-defense. Defendant also contends that the trial court erred in the exclusion of evidence pertaining to two of the prior convictions of the victim.

This Court reviews a trial court's ruling on the admissibility of evidence for an abuse of discretion. Preliminary legal issues pertaining to admissibility are reviewed de novo. *People v Jambor (On Remand)*, 273 Mich App 477, 481; 729 NW2d 569 (2007). We review questions of law pertaining to jury instructions de novo. *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013). A trial court's determination whether a jury instruction is applicable to the facts of a case is reviewed for an abuse of discretion, i.e., when the court chooses an outcome that falls outside the range of reasonable and principled outcomes. *Id.* "The defendant bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). "Absent an objection or request for an instruction, this Court will grant relief only when necessary to avoid manifest injustice." *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000).

This Court reviews jury instructions as a whole to determine whether error requiring reversal occurred. *People v Bartlett*, 231 Mich App 139, 143; 585 NW2d 341 (1998). Even

-1-

when somewhat imperfect, jury instructions will not warrant reversal provided that they fairly present to the jury the issues to be tried and sufficiently protect the defendant's rights. *People v Knapp*, 244 Mich App 361, 376; 624 NW2d 227 (2001); *Bartlett*, 231 Mich App at 143-144.

Waiver is the intentional relinquishment or abandonment of a known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Waiver differs from forfeiture, which occurs on the failure to timely assert a right. Although forfeiture does not extinguish an error, "[o]ne who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id.* In this case, defense counsel affirmatively approved the jury instructions as provided by the trial court, thereby waiving any claim of instructional error. *Id.*; *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011).

Even if not waived, we would find that defendant has failed to demonstrate an error in the trial court's jury instructions on self-defense, which were consistent with the requirements of MCL 780.972. See *Guajardo*, 300 Mich App at 34-36 (the self-defense act modified the common-law duty to retreat if an individual were attacked outside his or her own home or not confronted with a sudden, fierce, and violent attack).

The trial court provided an explicit and detailed jury instructions on defendant's claim of self-defense and the prosecution's burden to prove that defendant was not entitled to such a claim. First, defendant asserts that the instructions were deficient because they failed to contain a negative—that defendant did not have a duty to retreat. The existence of a duty to retreat was neither mentioned nor implied at trial. Based on the conformance of the instructions provided with the requirements of MCL 780.972, the trial court's failure to articulate the lack of a duty to retreat does not constitute an instructional error.

Defendant's argument that the order in which the trial court instructed on self-defense was confusing because it preceded the instructions on the elements of the charged crimes is not supported by the record. The trial court provided the elements of the charged crimes before it then instructed the jury on self-defense. Similarly, the trial court's instruction indicating "the Defendant must not have been engaged in the commission of a crime" at the time of the act alleged to claim self-defense is self-explanatory and not confusing. There is nothing to suggest the jury did not comprehend that this instruction did not obviate his entitlement to the defense merely because defendant was charged with an assault with the intent to commit murder. If this portion of the instruction were to be construed in the manner suggested by defendant, it would be clear that the instruction could not have been given at all. The remainder of the jury instruction provided on self-defense delineated in great detail the requisite elements in claiming entitlement to self-defense and the commensurate burden on the prosecutor to show that no such entitlement existed. Reviewing the instructions in context, and as a whole, we find it is clear they sufficiently protected defendant's rights and conveyed the theory of the defense; the jury instructions do not present a basis for reversal. *Knapp*, 244 Mich App at 376; *Bartlett*, 231 Mich App at 143-144.

Defendant also asserts the trial court erred in declining to admit the victim's criminal history as it pertained to convictions for marijuana and second-degree criminal sexual conduct (CSC-II). We note that for purposes of attacking the victim's credibility that his prior convictions for assault with intent to do great bodily harm (AWIGBH) and receiving and

concealing stolen property were admitted into evidence and acknowledged by the victim. The trial court properly determined the victim's marijuana conviction and his CSC-II conviction were irrelevant with regard to the issue of credibility. MRE 609(a). Furthermore, the CSC-II conviction occurred when the victim was 17 years of age, while in a relationship with his victim, albeit an inappropriate one, and would have exceeded the time limit of MRE 609(c).

In actuality, defendant's claim of error in failing to admit the victim's two convictions is premised on his assertion that the convictions demonstrated the reason for the altercations. Specifically, defendant contends that the argument that occurred between his brother Marvin Edwards (Edwards) and the victim and between defendant and the victim were not about the street location where the victim parked, but rather involved legitimate concerns regarding his aggressive nature, risk to individuals in the neighborhood based on his status as a sex offender, and the existence of an alleged dispute involving the victim and Edwards regarding infringement on the victim's drug dealing enterprise. First, in terms of demonstrating the victim's aggressive nature and defendant's knowledge of that nature in support of his claim of self-defense, we note the victim's prior conviction for AWIGBH was admitted into evidence and acknowledged by the victim. The relevance of this conviction is more readily apparent with regard to contentions of the victim's violent or aggressive nature than the two convictions not admitted. As such, admission of the AWIGBH conviction served to permit and not preclude defendant's pursuit of his theory of self-defense in suggesting that the victim could have been the aggressor. Second, although the CSC-II conviction was not directly admitted into evidence, defendant was permitted to cross-examine the victim on having been accused of criminal sexual conduct and, thus, introduce into evidence a reason, other than a parking dispute, for the dispute that occurred. Third, the omission of the drug conviction was not in error as it does not go to the victim's credibility as required by MRE 608 and MRE 609. Defendant sought to raise a speculative inference that because the victim was involved with illegal drugs he would necessarily engage in aggressive behavior and be armed. This logical leap is simply too large and attenuated, premised solely on a conviction for marijuana. Through the testimony of Edwards's girlfriend, Sala Reid, defendant was able to imply the victim's drug affiliation and to present evidence that the victim was armed, approached defendant and made a verbal threat. Further, the victim's marijuana conviction was irrelevant with regard to defendant's actions. In terms of defendant's assertion of self-defense, the only relevant issues were whether defendant could honestly and reasonably believe that he was justified in using the force he did to prevent his death or injury. The trial court did not err in excluding from evidence the victim's convictions for marijuana and CSC-II.

Next, defendant contends that his sentence is in violation of *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). The application and interpretation of the sentencing guidelines comprise legal questions that are subject to de novo review. *People v Huston*, 489 Mich 451, 457; 802 NW2d 261 (2011). A trial court's factual determinations regarding the scoring of the sentencing guideline factors are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A determination of whether the facts as found are adequate to satisfy a particular score comprises a question of statutory interpretation, reviewed de novo. *Id*. This Court must affirm a minimum sentence that is within the appropriate guidelines sentence range "absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).

On appeal, defendant does not allege error in the actual scoring of the sentencing guidelines or present any argument or legal basis to support his implication that improper judicial fact finding occurred in the lower court. He simply argues that this Court, in accordance with *Alleyne*, should favor the reasoning of *People v Lockridge*, 304 Mich App 278; 849 NW2d 388 (2014), lv gtd 496 Mich 852 (2014).

First, defendant does not address any factual premise for his contention of sentencing error, abandoning this claim on appeal. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). In addition, at sentencing defendant argued that proper scoring for the only contested variable (OV 6) should be zero or, at most, 10 points. The trial court considered defendant's argument at sentencing and elected to score the variable at 10 points rather than the 25 points requested by the prosecutor. Error requiring reversal cannot be based on matters to which the aggrieved party contributed to by plan or negligence. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003).

Second, addressing the applicability and effect of *Alleyne*, this Court has held that Michigan's sentencing guidelines, informed by judicial factfinding, do not violate the Sixth Amendment. *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013). Subsequently, in *Lockridge*, 304 Mich App at 284, this Court acknowledged that it was bound, in accordance with the rule of stare decisis, by the holding in *Herron*. Our Supreme Court has granted leave in *Lockridge*, 496 Mich 852 (2014), and has also entered an order holding the application for leave to appeal in *Herron* in abeyance pending its decision in *Lockridge*. *People v Herron*, 846 NW2d 924 (2014). A Supreme Court order granting leave to appeal does not diminish or alter the precedential effect of a published opinion of the Court of Appeals. MCR 7.215(C)(2). Thus, defendant's preference for the reasoning of *Lockridge* is unavailing.

Finally, following remand by this Court for a *Ginther*[1] hearing, defendant contends that he has demonstrated entitlement to a new trial based on the ineffective assistance of counsel. On remand, the trial court determined that defendant was not denied the effective assistance of counsel. Although this issue is generally preserved, *Knapp*, 244 Mich App at 385, in his motion to remand defendant did not argue that counsel was ineffective for failing to provide evidence or testimony of defendant's post-traumatic stress disorder (PTSD), merely that defense counsel failed to adequately present defendant's state of mind based on the inability to demonstrate defendant's knowledge of the victim's criminal and violent nature through the exclusion of certain of the victim's prior convictions. In granting the motion to remand, this Court restricted the evidentiary hearing "to the issues as raised in the motion to remand." *People v Edwards*, unpublished order of the Court of Appeals, entered July 11, 2014 (Docket No. 318092). As such, defendant's arguments pertaining to his diagnosis of PTSD are beyond the scope of the remand order and are not properly preserved for appellate review.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In general, a trial court's findings of fact are reviewed for clear error and the questions of

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

constitutional law are reviewed de novo. *Id*. Unpreserved claims of ineffective assistance of counsel are reviewed for errors apparent on the record. *Knapp*, 244 Mich App at 385.

Defendant asserts counsel's ineffectiveness is demonstrated by: (a) his failure to object to evidence improperly seized by police and admitted at trial, and (b) the failure of defense counsel to adequately present and support his theory of self-defense, including (i) the failure to procure the admission of certain criminal records of the victim, (ii) advising defendant not to testify at trial, and (iii) failing to present evidence or testimony regarding defendant's PTSD.

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). To demonstrate ineffectiveness of counsel, a defendant must show that (1) counsel's performance failed to meet an objective standard of reasonableness under prevailing professional norms; (2) there is a reasonable probability that but for the errors of counsel the outcome of the proceeding would be different. *Id*. at 663-664. This Court will not substitute its judgment for that of trial counsel on matters of strategy, nor will we assess counsel's competence on the basis of hindsight. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

A claim of ineffective assistance of counsel includes both a performance component and a prejudice component, and both prongs must be fulfilled. *LeBlanc*, 465 Mich at 578, quoting *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 US at 697.

First, defendant contends trial counsel was ineffective for failing to object or preclude the admission of evidence seized from defendant's home, comprised of a magazine of live ammunition. At trial, defense counsel questioned the admission of this evidence, albeit half-heartedly, based on his belief that the ammunition was obtained by police following a warrantless search of defendant's home. This assumption by defense counsel was premised on statements of defendant's wife that a second search occurred after the police obtained a warrant. The trial court, however, found the testimony of the police officer involved, that only one search of the residence occurred and that a warrant had been obtained, to be credible. Based on the questionable nature of the assertion that a warrantless search had occurred, counsel was not ineffective for failing to pursue the exclusion of this evidence. Failing to advance a meritless argument does not constitute ineffective assistance of counsel. *Payne*, 285 Mich App at 191.

"The lawfulness of a search or seizure depends on its reasonableness." *People v Snider*, 239 Mich App 393, 406; 608 NW2d 502 (2000). A warrantless search is unreasonable unless both probable cause and a circumstance establishing an exception to the warrant requirement exist. *Id*. at 407. Both voluntary consent and exigent circumstances are recognized exceptions to the warrant requirement. *People v Dagwan*, 269 Mich App 338, 342; 711 NW2d 386 (2005); *People v Beuschlein*, 245 Mich App 744, 749-750; 630 NW2d 921 (2001) "Generally, if evidence is seized in violation of the constitutional prohibition against unreasonable searches and seizures, it must be excluded from trial." *People v Barbarich (On Remand)*, 291 Mich App 468, 473; 807 NW2d 56 (2011).

Although defendant contends the initial search of the residence was without a warrant, nothing indicates that it was without the consent of defendant's wife, who was present and purportedly videotaped the search on her cellular telephone. Also, defendant had just committed an assault with a dangerous weapon, wounding his victim, who identified defendant by both description and residence. At this point, the police were only aware that defendant had shot someone, discharging his weapon six times, which was not recovered at the scene. As discussed in *United States v Daws*, 711 F3d 725, 727 (CA 6, 2013) (citations omitted):

> As relevant here, an immediate risk of injury to the police or others inside or outside a home justifies a warrantless entry. In assessing that risk, the police must make practical, on-the-spot decisions. The gravity of the crime being investigated, the likelihood that the suspect is armed and the suspect's willingness to use a weapon all factor into the reasonableness equation.

As such, even if police initially lacked a warrant, a search was justified.

Because the only evidence proffered indicated that the search of defendant's home was conducted pursuant to a warrant, defendant's claim of ineffective assistance of counsel is without merit. Further, even if defense counsel should have pursued exclusion of this evidence, defendant cannot demonstrate he was prejudiced by its admission. Defendant admitted that he shot the victim, albeit in self-defense. As such, the retrieval of additional ammunition from his residence, consistent with that used to shoot the victim, did not prejudice the defense or affect the outcome of the proceedings. *LeBlanc*, 465 Mich at 578; *Solmonson*, 261 Mich App at 663-664.

Second, defendant asserts his trial counsel was ineffective for failing to obtain admission into evidence two of the victim's prior criminal convictions. Defense counsel attempted to have all the victim's prior convictions admitted into evidence but was precluded by the trial court based on its determination of relevance. Following the trial court's ruling, it would have been futile for defense counsel to continue to pursue admission of the two convictions because it is well-recognized that the failure to continue to advance a "futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). In addition, as discussed already, the trial court did not abuse its discretion by excluding from evidence two of the victim's convictions. Thus, there is no merit to defendant's claim of ineffective assistance of counsel. *Id.*; *Payne*, 285 Mich App at 191.

Further, to establish prejudice a defendant is required to demonstrate "a reasonable probability that but for counsel's unprofessional errors the trial outcome would have been different." *Solmonson*, 261 Mich App at 663-664. Defense counsel sought to have all of the convictions admitted into evidence, and was relatively successful in his efforts. Defendant's conviction of receiving and concealing stolen property was admitted into evidence and acknowledged by the victim while on the witness stand, thereby comprising an attack on the victim's credibility. The victim's conviction for AWIGBH was admitted and acknowledged along with the opportunity afforded and used by defense counsel to suggest the victim's having been accused of criminal sexual conduct in the past, addressing defendant's concerns that he establish an explanation for his state of mind for being fearful of the victim at the time of the shooting. This conviction and the area of inquiry permitted allowed defendant to demonstrate

both knowledge of the victim's violent past and a reason to be concerned for the victim's presence in the neighborhood to support his assertion of self-defense.

Defendant acknowledged shooting the victim. Evidence at the scene showed that the victim was trying to get away when he was struck and felled by three of the six shots defendant fired. Conflicting testimony existed regarding whether the victim was armed at the time but a weapon was not recovered from the scene despite the fact that the victim was immobilized and the short time frame between the receipt of the call to the police and the arrival of officers on the scene. Consequently, defendant is unable to demonstrate that there exists a reasonable probability that the outcome of the proceedings would have been different had the victim's marijuana conviction been admitted in evidence or that the exclusion of this evidence deprived him of a substantial defense.

Third, defendant contends that counsel was ineffective for advising him not to testify at trial. Defense counsel asserted after the conclusion of trial and rendering of the jury verdict that it was not a proper trial strategy to preclude defendant from testifying. As discussed in *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013):

> Defense counsel's failure to present certain evidence will only constitute ineffective assistance of counsel if it deprived defendant of a substantial defense. Moreover, decisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy, and we will not second-guess strategic decisions with the benefit of hindsight. [Citations omitted.]

Both defendant and defense counsel acknowledged that defendant was "fragile" during trial and made a decision, jointly, not to have defendant testify, impliedly due to how the jury might interpret or construe defendant's anxious demeanor on the witness stand. Although defense counsel subsequently castigated his performance at trial for advising defendant not to testify, at the evidentiary hearing, defense counsel could not say that at the time the decision was made to not have defendant testify, that it was a bad decision. At the time of the decision defense counsel also believed that the victim's testimony was not credible and therefore elected not to risk placing defendant on the stand. Despite defense counsel's subsequent doubt about his trial strategy, this Court cannot assess counsel's competence on the basis of hindsight. *Payne*, 285 Mich App at 190. The fact that the strategy was not successful does not render counsel ineffective for using the strategy. *Kevorkian*, 248 Mich App at 414-415.

Defendant also cannot demonstrate that his failure to testify constituted ineffective assistance of counsel because it deprived him of a substantial defense. *Dunigan*, 299 Mich App at 589-590. The theory of the defense at trial was self-defense. This theory was addressed during voir dire, opening statements, closing arguments and through the questioning of witnesses. A substantial portion of the victim's criminal history was admitted to demonstrate his previous violent behavior and to attack his credibility. Reid, the defense witness, asserted she observed the victim, armed with a gun, approach defendant from behind while defendant was speaking on his cellular telephone. This testimony sought to establish evidence of an imminent threat and a need for defendant to protect himself. But Reid's credibility was suspect because her trial testimony varied from her statement to the police. Moreover, the physical evidence at the scene demonstrated that defendant fired six shots, yet no weapon was retrieved from the

victim or the scene immediately following the shooting to substantiate Reid's contention that the victim was armed.  Consequently, the trial strategy did not deprive defendant of a substantial defense. Instead, the jury simply found the victim to be more credible than Reid, and it is solely within the province of the jury to determine issues of witness credibility. *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007).

Finally, defendant asserts that he received ineffective assistance of counsel at trial premised on the failure of trial counsel to introduce evidence of defendant's PTSD diagnosis. The prosecutor objects to consideration of this aspect of the issue on the basis the trial court was not authorized to address defendant's PTSD diagnosis because defendant did not raise it in his motion for remand and the order of remand specifically restricted the matters to be addressed to those "raised in the motion to remand." "[I]t is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012).  Although the issue has not been properly preserved for appellate review, we have considered it and find that it is without merit.

Defendant does not assert that trial counsel failed to investigate or was unaware of his condition.  He claims merely that defense counsel's failure to permit defendant to testify or present evidence of this condition was necessary to establish defendant's state of mind to support his theory of self-defense.  Even without evidence of his PTSD, defendant was able to present his theory of self-defense to the jury as discussed already.  Testimony was elicited to suggest that the victim was armed, took defendant by surprise and was known by defendant to have a violent past.  As such, even without reference to his alleged PTSD, defendant was, in fact, able to assert a claim of self-defense and to establish his state of mind.

Defendant attributes the failure of his attorney to present evidence of his PTSD to substantiate his theory of self-defense as comprising the ineffective assistance of counsel and, impliedly, the basis for his convictions.  But defendant effectively ignores the physical evidence demonstrating that his weapon was fired six times, striking the victim three times while he was trying to flee defendant by heading into a vacant lot, and the absence of any weapon recovered from the victim despite his immobility at the scene and the immediate response of police.  Given the circumstances and physical evidence, or lack thereof, it is difficult to construe defendant's actions as premised on an "honest and reasonable belief" that the extent of the force demonstrated was necessary to avoid immediate death or harm.  MCL 780.972(1)(a).  Merely because defendant had an experience and a diagnosis that might make him more susceptible to react to a perceived threat, does not serve to substantiate or justify defendant's actions or satisfy the requirements of lawful self-defense.  In other words, merely because defendant demonstrates a particular vulnerability to being fearful is not relevant to whether such a fear was "honest and reasonable."  MCL 780.972(1)(a).  Because defense counsel's representation did not deprive defendant of a substantial defense, and defendant cannot establish that the outcome of the

proceeding would have been different had the evidence been presented, defendant's claim of ineffective assistance of counsel on this basis is without merit.

We affirm.

/s/ Jane E. Markey
/s/ Christopher M. Murray
/s/ Stephen L. Borrello