# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON OEHMKE,

Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF AMERICA, RYAN UNRUE, TARA BEDARD, DAWN MARELEN KOZIOL, TERESA WALKER, WESTFIELD INSURANCE COMPANY, and AUTO OWNERS INSURANCE COMPANY,

Defendants,

and

JAMES ROBERT WALKER,

Defendant-Appellee.

UNPUBLISHED
March 17, 2016

No. 325512
Kalamazoo Circuit Court
LC No. 2013-000341-NF

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

This appeal primarily concerns whether the trial court erred by granting defendant James Robert Walker's motion for summary disposition ruling that plaintiff had not produced sufficient evidence to raise a question of fact that plaintiff suffered a threshold injury under the no-fault act, MCL 500.3101 *et seq*. At issue is whether plaintiff suffered an injury in an automobile accident on November 4, 2012 that resulted in a serious impairment of body function, MCL 500.3135(1), which would allow her third-party tort claim to proceed against Walker. Plaintiff's theory of the case was that the auto accident at issue aggravated injuries that she had suffered in a prior automobile accident on July 23, 2010. We affirm.

This Court reviews de novo the trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party moving for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a claim, must specifically identify the undisputed factual issues, MCR 2.116(G)(4), and support its position with affidavits, depositions, admissions, or documentary evidence, MCR 2.116(G)(3)(b). See *Maiden*, 461 Mich at 120. If the moving party carries its initial burden, the

-1-

party opposing the motion must then demonstrate a disputed material fact question exists by submitting evidence, "the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." MCR 2.116(G)(6); See *Maiden*, 461 Mich at 120-121. When considering a motion under MCR 2.116(C)(10), a court must view the proffered evidence in the light most favorable to the party opposing the motion. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). A trial court properly grants the motion when the proffered evidence fails to establish any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id.*

When a party files a motion for summary disposition, a trial court may instead grant summary disposition to the opposing party under MCR 2.116(I)(2) if it determines that the opposing party, rather than the moving party, is entitled to judgment. *Jaguar Trading Ltd Partnership v Presler*, 289 Mich App 319, 322; 808 NW2d 495 (2010).

We conclude that the trial court correctly ruled that the letters of plaintiff's doctors were inadmissible hearsay and that they did not establish a genuine issue of a material fact, specifically, whether, as a result of the accident in question, plaintiff suffered a "serious impairment of body function," MCL 500.3135(1), which would permit plaintiff's third-party tort claim against defendant to proceed. Further, the trial court correctly ruled that plaintiff's affidavit did not establish a question of fact that the second accident caused an objectively manifested impairment of an important body function that affected plaintiff's general ability to lead her normal life. MCL 500.3135(5); *McCormick v Carrier*, 487 Mich 180, 189-190; 795 NW2d 517 (2010). The trial court therefore properly granted defendant's motion for summary disposition, MCR 2.116(C)(10), and denied plaintiff's counter motion for summary disposition under MCR 2.116(I).

Under the no-fault act, tort liability for non-economic loss arising out of the ownership, maintenance, or use of a motor vehicle is limited to circumstances, pertinent in this case, when a person has sustained a "threshold" injury. MCL 500.3135(1), (3)(b); *McCormick*, 487 Mich at 189-190. "A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). The no-fault act further defines "serious impairment of body function," as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5). The aggravation of a preexisting condition, as plaintiff alleges here, may constitute a threshold injury where it accelerates or triggers a "serious impairment of body function." *Id.*; *Fisher v Blankenship*, 286 Mich App 54, 63; 777 NW2d 469 (2009), citing *Wilkinson v Lee*, 463 Mich 388, 394-395; 617 NW2d 305 (2000) ("A tortfeasor takes a victim as the tortfeasor finds the victim and will be held responsible for the full extent of the injury, even though a latent susceptibility of the victim renders the injury far more serious than reasonably could have been anticipated.").

For a trial court to determine as a question of law whether a plaintiff has suffered a threshold injury, one of two situations must exist. *McCormick*, 487 Mich at 192-193.

Specifically, a trial court may determine as a matter of law whether a "person has suffered serious impairment of body function," when the court first finds either "(i) [t]here is no factual dispute concerning the nature and extent of the person's injuries[,]" or "(ii) [t]here is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function . . .." MCL 500.3135(2)(a). Thus, on a motion for summary disposition concerning a threshold injury, a trial court must first "determine whether there is a factual dispute regarding the nature and the extent of the person's injuries, and, if so, whether the dispute is material to determining whether the serious impairment of body function threshold is met." *McCormick*, 487 Mich at 215.

In this case, the parties clearly disputed the nature and extent of the injuries plaintiff received in the second accident at issue. Defendant contended plaintiff suffered no new injuries and plaintiff asserted that the injuries she had received in the first accident were aggravated by the second accident. Because of this dispute, the trial court denied defendant's argument for summary disposition that plaintiff could not prove the second accident caused her injuries. Nevertheless, the parties agreed that the trial court could determine, as matter of law, whether plaintiff sustained a threshold injury. The trial court implicitly and explicitly determined that any factual dispute in the case was not "material to the determination whether the person has suffered a serious impairment of body function . . . ." MCL 500.3135(2)(a)(ii). Thus, the trial court properly determined whether plaintiff had produced sufficient evidence to create a question of fact whether the second accident caused a threshold injury, i.e., a serious impairment of a body function. *Id.*; *McCormick*, 487 Mich at 215.

To establish a "serious impairment of body function," a plaintiff mush present evidence of "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5). Our Supreme Court summarized the three statutory elements of a "serious impairment of body function" as follows:

> (1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*McCormick*, 487 Mich at 215.]

The third element, "affects the person's ability to lead his or her normal life," means "to have an influence on some of the person's capacity to live in his or her normal manner of living." *McCormick*, 487 Mich at 202. This is a subjective, fact-specific inquiry determined on a case-by-case basis. *Id.* "Determining the effect or influence that the impairment has had on a plaintiff's ability to lead a normal life necessarily requires a comparison of the plaintiff's life before and after the accident." *Id.* Although the trial court mentioned the dearth of evidence regarding the effect of the second accident on plaintiff's life, it does not appear that this element is the basis of the court's ruling. Rather, the trial court focused on the first element of a "serious impairment of body function," whether plaintiff presented evidence of "an objectively manifested impairment." MCL 500.3135(5).

-3-

The requirement that impairment be "objectively manifested" means that the impairment must be "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. "In other words, an 'objectively manifested' impairment is commonly understood as one observable or perceivable from actual symptoms or conditions." *Id*. A plaintiff must introduce evidence demonstrating a physical basis for subjective complaints of pain and suffering, which generally will require medical testimony. *Id*. at 198. Consequently, plaintiff's subjective assessment that her headaches were worse after the second accident does not establish an "objectively manifested impairment" as clarified by our Supreme Court in *McCormick*, 487 Mich at 195-198.

Similarly, the trial court correctly ruled that plaintiff could not establish an "objectively manifested" impairment through her own affidavit. *Id*. In her affidavit, plaintiff stated that she suffered from impairments of her "brain, my arms and legs, my ability to think and function." But with respect to whether her impairments were caused by the second accident, plaintiff states in her affidavit that she relied on what her doctors told her. For instance, plaintiff says, "My doctors have stated that the accident on November 4, 2014 [sic-2012] had worsened and exacerbated my symptoms and problems and that was readily apparent following this crash." A party's "representations in [an] affidavit regarding another person's observations do not establish a factual question because they are inadmissible hearsay." *Pitsch v ESE Michigan, Inc*, 233 Mich App 578, 598; 593 NW2d 565 (1999). Plaintiff's affidavit did not present admissible evidence of "actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196.

The trial court also properly ruled that the unsworn "to whom it may concern" letters of two of plaintiff's doctors did not establish a question of fact pertinent to defendant's motion for summary disposition. Dr. Wade Cooper stated in an unsworn letter that plaintiff "suffered a second motor vehicle accident exacerbating/worsening her symptoms." Dr. Eric Adelman wrote in his letter that the "subsequent accident in November 2012 dramatically worsened [plaintiff's] symptoms." MCR 2.116(G)(6) provides: "Affidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)-(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence . . . ." "By presenting inadmissible hearsay evidence, a nonmoving party is actually promising to create an issue for trial where the promise is incapable of being fulfilled." *Maiden*, 461 Mich at 123 n 5. As stated in *Liparoto Constr Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009), "unsworn statements . . . are not sufficient to create a genuine issue of material fact to oppose summary disposition under MCR 2.116(C)(10)." "Opinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact (or the lack of it) must be established by admissible evidence." *SSC Assoc Ltd Partnership v Gen Retirement Sys of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991). Hearsay is generally not enough to defeat a properly supported motion for summary disposition under MCR 2.116(C)(10). "[A]n adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4).

Plaintiff's argument that the trial court erred in not considering the doctors' letters because they would be admissible evidence under various exceptions to the rule against hearsay is unpersuasive. First, plaintiff cites no legal authority that the doctors' letters, apparently

written for the purpose of litigation, are admissible under any exception to the rule against hearsay. See MRE 802: "Hearsay is not admissible except as provided by these rules." Plaintiff's failure to cite legal authority for her position results in its abandonment on appeal. See *Spires v Bergman*, 276 Mich App 432, 444; 741 NW2d 523 (2007); *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Plaintiff's argument that the doctors' letters are admissible under MRE 803(4), the hearsay exception for "statements made for purposes of medical treatment or medical diagnosis in connection with treatment," is without merit. The plain terms of this hearsay exception permits the admission of hearsay statements "describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof *insofar as reasonably necessary to such diagnosis and treatment*." (Emphasis added). This exception's focus is on statements made by the person seeking treatment or by that person's caretaker, such as a parent, to a health care provider for the purpose of treatment or diagnosis. See *People v Yost*, 278 Mich App 341, 362 n 2; 749 NW2d 753 (2008). Here, the doctors' letters are not statements of a person seeking treatment and are not reasonably necessary to the diagnosis and treatment of plaintiff. As such, the doctors' letters are not admissible under MRE 803(4). See *People v Huyser*, 221 Mich App 293, 295 n 1; 561 NW2d 481 (1996), citing *Slayton v Michigan Host, Inc*, 144 Mich App 535, 553, n 8; 376 NW2d 664 (1985).

Similarly, the doctors' letters do not fit within the plain meaning of MRE 803(6) of a

memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, *made at or near the time by*, or from information transmitted by, a person with knowledge, *if kept in the course of a regularly conducted business activity*, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation . . . . [Emphasis added.]

As noted already, the letter reports of the doctors were not contemporaneously recorded documentation kept in the regular course of business but rather reports prepared for purposes of litigation. "In general, a record 'prepared for the purpose of litigation' lacks the trustworthiness that is the hallmark of a document properly admitted pursuant to MRE 803(6)." *Huyser*, 221 Mich App at 297, citing 29A Am Jur 2d, Evidence, § 1313, pp 720-721.

For the same reasons, the doctors' letters do not have "equivalent circumstantial guarantees of trustworthiness" to permit their admission in evidence under the catch-all hearsay exception. See MRE 803(24) (availability of declarant immaterial); MRE 804(7) (declarant unavailable).[1] Indeed, plaintiff presents no argument whatsoever regarding "circumstantial guarantees of trustworthiness." As such, this argument is abandoned. *Spires*, 276 Mich App at 444; *Prince*, 237 Mich App at 197.

---

[1] Plaintiff incorrectly cites MRE 803(7) rather than MRE 803(24). There is no indication the doctors were "unavailable" so that MRE 804(7) is totally irrelevant.

Although the arguments that her doctors' letters are admissible in evidence have no merit, plaintiff fails to argue that the trial court could nevertheless have considered the letters because the substance of their content could have, presumably, been admitted in evidence if the doctors had been under oath and properly qualified as expert witnesses. MCR 2.116(G)(6) permits "documentary evidence offered in support of or in opposition to a motion based on [MCR 2.116(C)(10)] . . . to the extent that *the content or substance* would be admissible as evidence." Thus, documentary evidence submitted in support of or opposition to a C-10 motion need not necessarily be in admissible form provided its substance could be admitted in evidence at trial. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). In the end, however, this argument does not assist plaintiff. To be admissible, the opinion of a qualified expert must be "based on sufficient facts or data," MRE 702, and the "facts or data in the particular case upon which an expert bases an opinion or inference shall be in evidence." MRE 703. Here, the doctors' letters do not contain any facts that could establish an "objectively manifested" impairment, i.e., testimony of "actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. The letters do not even contain a promise that the doctors could testify to a physical basis for plaintiff's subjective complaints of pain as result of the second accident. *Id*. at 198. And, a mere promise is insufficient to create a material question of fact in opposition to a properly supported motion for summary disposition. *Maiden*, 461 Mich at 121, 123 n 5.

Consequently, the trial court properly granted defendant's motion for summary disposition, MCR 2.116(C)(10), because plaintiff did not create a material question of fact that as a result of the second accident she suffered a "serious impairment of body function," MCL 500.3135(1), by presenting evidence, the substance of which would be admissible, of "an objectively manifested impairment of an important body function . . . ." MCL 500.3135(5); *McCormick*, 487 Mich at 195-198. For the same reasons, the trial court properly denied plaintiff's motion for summary disposition under MCR 2.116(I).

Plaintiff also asserts several other issues on appeal asserting procedural error occurred in hearing defendant's motion for summary disposition and that the trial court abused its discretion in making certain rulings regarding discovery. None of these issues has merit. Further, even if procedural error occurred or the trial court abused its discretion regarding discovery, the error was harmless and relief is not warranted. *Chastain v General Motors Corp*, 467 Mich 888, 654 NW2d 326 (2002); MCR 2.613(A).

Plaintiff has failed to demonstrate that the trial court's decision to hear the parties' motions for summary disposition contrary to the time limits of the scheduling order was outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006); *Kemerko Clawson, LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). A trial court has inherent authority to control its own docket. *Maldonado*, 476 Mich at 376 ("trial courts possess the inherent authority . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); see also *Brenner v Kolk*, 226 Mich App 149, 159 n 5; 573 NW2d 65 (1997).

"This Court reviews for an abuse of discretion a trial court's ruling on a motion to compel discovery." *Bronson Methodist Hosp v Home-Owners Ins Co*, 295 Mich App 431, 440; 814

NW2d 670 (2012). The trial court abuses its discretion when the court's decision results in an outcome falling outside the range of principled outcomes. *Jilek v Stockson (On Remand)*, 297 Mich App 663, 665; 825 NW2d 358 (2012).

This Court reviews any factual findings necessary to the trial court's discovery ruling for clear error. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011); MCR 2.613(C). A trial court finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made. *Hardrick*, 294 Mich App at 660.

The trial court on hearing plaintiff's motion to compel discovery from defendant Walker ruled that defendant had substantially complied with plaintiff's requests for discovery. Plaintiff on appeal has not demonstrated that this ruling, essentially a factual determination, was clearly erroneous. *Id*.; MCR 2.613(C). Consequently, plaintiff has failed to demonstrate that the trial court's ruling on the motion to compel discovery was outside the range of principled outcomes. *Jilek*, 297 Mich App at 665.

We affirm. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray