*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

QUILLIE BUSSLE,

Defendant-Appellant.

UNPUBLISHED
April 18, 2019

No. 341449
Macomb Circuit Court
LC No. 2017-002816-FC

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions of three counts of first-degree criminal sexual conduct (CSC-I), MCL 700.520b, two counts of second-degree criminal sexual conduct (CSC-II), MCL 700.520c, and one count of indecent exposure, MCL 750.335a. We affirm.

## I. BACKGROUND

Defendant's convictions result from his sexual assault of his stepdaughter, AJ, on multiple occasions during the summer of 2012. AJ was 14 years old at the time. Early in the summer, defendant found a note that AJ had written indicating that she had previously been sexually active. Defendant confronted AJ about the note and AJ denied having sex, indicating that she wrote the note "to seem cool to" others. Defendant told AJ that he would need to tell AJ's mother about the note, but that, if AJ allowed him to see her vagina, he would tell AJ's mother that the note was not true. AJ complied and exposed her vagina to defendant.

On several occasions following this incident, defendant told AJ that he "wanted to stick his penis in [her] vagina to see if it fit." Then, on five separate occasions, defendant sexually assaulted AJ. On one occasion, defendant laid next to AJ and began rubbing her buttocks and thigh while threatening AJ with the note. On another occasion, defendant approached AJ, grabbed one of her breasts, removed it from her shirt, and began "sucking on it." On two occasions, defendant told AJ that he wanted "to see if his penis fit in [her] vagina" or that he "wanted to stick his penis in her vagina." Defendant threatened to tell AJ's mother about the note if she did not comply. AJ testified that she was "scared" that defendant would force himself on her and that she complied with defendant's demands. On a final occasion, defendant told AJ

-1-

that "he no longer wanted to just stick it in;" rather, he "wanted to have sex with" her. Again, AJ complied after defendant threatened her with the note.

Defendant moved out of the home and to Ohio sometime after the final assault. In October 2013, defendant sexually assaulted SM, who was 15 years old at the time. Defendant told SM that he could help her make money. Defendant then solicited SM to an older man. Following this incident, defendant brought SM to his home and encouraged her to consume marijuana, alcohol, and crack cocaine. Defendant took nude pictures of SM and sexually assaulted her that night.

In September 2015, defendant was charged in Michigan with five counts of criminal sexual conduct for his assaults on AJ. Then, in April 2016, defendant was convicted in Ohio of pandering sexually oriented matter involving a minor for his conduct with SM. Following the Ohio conviction, the prosecution in this case moved to admit evidence of defendant's conduct with SM under MCL 786.27a. The trial court granted the motion and SM testified at trial. Ultimately, defendant was convicted of three counts of CSC-I, two counts of CSC-II, and one count of indecent exposure. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent terms of 25 to 40 years of imprisonment for the CSC-I convictions, 15 to 40 years of imprisonment for the CSC-II convictions, and 111 days in jail for the indecent-exposure conviction. This appeal followed.

## II. ANALYSIS

### A. ADMISSION OF SM'S TESTIMONY

Defendant argues that the trial court erred by admitting SM's testimony into evidence. According to defendant, SM's testimony was inadmissible character evidence precluded by MRE 404b. Defendant also argues that SM's testimony was unfairly prejudicial under MRE 403. "The decision whether to admit evidence is within the trial court's discretion and will not be disturbed absent an abuse of that discretion." *People v McDaniel*, 469 Mich 409, 412; 670 NW2d 659 (2003). An abuse of discretion occurs "when the court chooses an outcome that falls outside the range of principled outcomes." *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014) (internal quotation marks and citation omitted).

As an initial matter, we note that the trial court admitted SM's testimony under MCL 768.27a, not MRE 404b. Where MCL 768.27a applies, "it supersedes MRE 404(b)." *People v Watkins*, 491 Mich 450, 477; 818 NW2d 296 (2012). MCL 768.27a provides, in pertinent part, "[I]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). Evidence introduced under MCL 768.27a may be considered for any matter for which it is relevant, including "the likelihood of a defendant's criminal sexual behavior toward other minors." *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007).

Defendant was charged in the instant case with five counts of criminal sexual conduct, each of which constitutes a "listed offense" for the purposes of MCL 768.27a. MCL 768.27a(2); MCL 28.722(w)(*iv*), (u)(*x*). In Ohio, defendant was convicted of pandering sexually oriented

matter involving a minor. Ohio Rev Code Ann 2907.322 (West 2000). An offense against a minor committed in another state constitutes a "listed offense" for the purposes of MCL 768.27a if it is "substantially similar" to an offense covered under the Michigan Sex Offenders Registration Act (SORA). See MCL 28.722(s)(*x*). Because defendant's pandering conviction would have been captured by SORA had defendant committed the offense in Michigan, defendant's pandering conviction constitutes a "listed offense" for the purposes of MCL 768.27a. See MCL 750.145c; MCL 28.722(s)(*i*). Accordingly, because defendant's charges in the instant case and defendant's Ohio conviction both relate to "listed offenses" under MCL 768.27a, evidence of defendant's Ohio conviction was admissible for "any purpose for which it is relevant," including propensity purposes. MCL 768.27a(1); *Duenaz*, 306 Mich App at 99. Accordingly, defendant's argument that MRE 404b precluded admission is without merit. *Watkins*, 491 Mich at 477.

Defendant is correct, however, that evidence admissible under MCL 768.27a remains subject to exclusion under MRE 403. *Id*. at 481. "Exclusion is required under MRE 403 when the danger of unfair prejudice substantially outweighs the probative value of the evidence." *People v Brown*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 339318); slip op at 3 (internal citation and quotation marks omitted). When making its determination under MRE 403, the trial court may consider the following nonexhaustive list of factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

"[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487.

Defendant is correct that there are several differences between his conduct with SM and the charged conduct with AJ. Defendant solicited SM for prostitution, took nude photos of her, and encouraged her to consume drugs and alcohol. Defendant engaged in no such conduct with AJ. Defendant's argument on appeal, however, ignores several key similarities between the two cases.

Both cases involve a young teenage girl—either 14 or 15 years old. Moreover, all of the assaults took place within a 15-month period. Importantly, defendant groomed both victims for increasingly severe sexual conduct. Defendant blackmailed AJ with a fabricated story about her prior sexual encounters, first using the story to pressure AJ into revealing her private areas to defendant and eventually coercing AJ into having sex with him. With SM, defendant began his coercion by telling her that she would never see her boyfriend again. Defendant then brought SM to his house and had SM use marijuana, alcohol, and crack cocaine so that it would be "easier" for her to prostitute herself. Defendant then took nude pictures of SM. SM testified that, later that night, she was alone with defendant on his couch. SM testified that she was "stuck" with defendant because she "was on crack" and that she had sex with him while she was

under the influence of the cocaine. Accordingly, although defendant used different tactics with the two victims, the record shows that in each case defendant maneuvered the victim into a situation where she felt that she had no choice but to have sex with him.

Although there are differences between the two cases, we agree with the trial court that the operative similarities outweigh the differences. The trial court did not abuse its discretion by admitting SM's testimony.

## B. OFFENSE VARIABLE 4

Defendant also argues that the trial court erred in assessing 10 points for Offense Variable (OV) 4 because AJ did not suffer psychological harm requiring professional treatment. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Lampe*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 342325); slip op at 2 (internal citation and quotation marks omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

A trial court should score OV 4 at 10 points if "[s]erious psychological injury requiring professional treatment" occurred to a victim, regardless of whether the victim has actually sought treatment. MCL 777.34(1)(a), (2). According to AJ, during defendant's sexual assaults she "would freak out and hyperventilate." AJ testified that living with defendant during the assaults was "a traumatizing situation" and that she was afraid of him. After the assaults ended, AJ began therapy. Although AJ testified that she did not specifically seek out therapy because of the assaults, she did testify that she discussed the assaults with her therapists. AJ was unsure about the long-term effects of the assaults on her mental health, but stated that it was a "possibility" that she may seek further therapy to explore these effects. AJ testified that she has "a hard time with relationships," but that she did not know whether defendant's conduct was the cause.

Although AJ has yet to seek out therapy to deal with the long-term effects of the assaults, the record shows that she was traumatized by defendant's conduct. Moreover, despite being in therapy for other reasons, AJ has discussed the assaults with her psychologist, meaning that she has already received professional treatment for the psychological harm defendant caused. The trial court did not err by assessing 10 points for OV 4.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher