*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARYL FREDERICK CLIFF,

        Defendant-Appellant.

UNPUBLISHED
October 17, 2019

No. 342995
Wayne Circuit Court
LC No. 17-008328-01-FC

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of five counts of criminal sexual conduct and three counts of child abuse.[1] On appeal, defendant argues that the trial court erred by admitting prior-acts evidence of a back-rubbing incident between defendant and a 15-year old boy. We affirm.

## I. BACKGROUND

Defendant's convictions result from his physical and sexual abuse of the minor NR, who was a friend of defendant's family. NR testified that his first sexual encounter with defendant occurred in defendant's basement when NR was 11 years old. Defendant approached NR from

---

[1] Specifically, defendant was convicted of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d, one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e, two counts of second-degree child abuse, MCL 750.136b(3), and one count of third-degree child abuse, MCL 750.136b(5). The trial court sentenced defendant to 25 to 40 years of imprisonment for CSC-I, 10 to 15 years of imprisonment for each count of CSC-II, 10 to 15 years of imprisonment for CSC-III, 5 to 10 years of imprisonment for each count of second-degree child abuse, one to two years of imprisonment for third-degree child abuse, and 90 days in jail, time served, for CSC-IV.

behind and began to rub NR's back and shoulders while NR played a videogame on defendant's computer. According to NR, defendant slowly moved his hands down to NR's genital area and began to rub NR's penis with his hand. NR testified that, on another occasion at a local recreational center, defendant had NR come into the same shower stall as him, forced NR onto his knees, and placed his penis inside NR's mouth. A similar incident happened at a laser-tag center. NR testified that, over time, the frequency of defendant's sexual abuse increased until defendant was sexually abusing NR weekly, often by touching NR's penis and buttocks while in defendant's basement.

In addition to the sexual abuse, NR testified that defendant physically abused him, often when he would resist defendant's sexual advances. On one occasion, defendant stabbed NR in the back with a medical syringe and on several occasions defendant forced NR to cut himself on the arm with a knife. Frequently, defendant would hit NR on his upper arms and back and kick NR's feet when NR rebuffed his advances. According to NR, on regular occasions, defendant would force him to pretend to be a dog—requiring NR to eat dog food, wear a dog leash, and follow commands typically given to a canine. Investigators found a syringe in defendant's home, but did not locate some of the items related to defendant allegedly forcing NR to pretend he was a dog.

According to NR, defendant's abuse ceased when NR was 13 years old and was twice hospitalized for attempted suicide. NR first revealed defendant's abuse to his therapist during one of these hospitalizations. Eventually, detective Jane Kass and her partner interviewed defendant at the jail. During the interview, defendant revealed that, some 30 years prior, he had given a 15-year-old boy a back massage in defendant's basement. Defendant added that the encounter "ended badly." Detective Kass told defendant that she was aware that he had massaged the boy's genitals. Defendant did not deny the allegation and in subsequent statements appeared to admit that he did, in fact, touch the boy's genitals. For instance, Detective Kass pressed defendant, asking if he had massaged the boy's genitals under the boy's clothes, to which defendant replied that the boy was fully dressed. Detective Kass asked if defendant was getting "turned on" by giving the boy a back massage, to which defendant replied, "Maybe, a little bit." Detective Kass questioned defendant whether he thought it was a good idea to massage the boy's genitals to see if the boy would also become sexually aroused. Defendant stated, "I'm not sure. . . . I know it was wrong." Defendant later stated that he had asked the boy's family for forgiveness.

Before trial, the prosecution filed a notice of intent to introduce defendant's interview statements at trial under MCL 768.27a. Defendant moved to suppress the statements, arguing that they were inadmissible under MCL 768.27a and MRE 403. The trial court denied the motion and the statements were admitted into evidence at trial. As noted previously, defendant was convicted of several counts of criminal sexual conduct and child abuse. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by admitting his statements regarding the back-rubbing incident under MCL 768.27a. "The decision whether to admit evidence is within the trial court's discretion and will not be disturbed absent an abuse of that

discretion." *People v McDaniel*, 469 Mich 409, 412; 670 NW2d 659 (2003). An abuse of discretion occurs "when the court chooses an outcome that falls outside the range of principled outcomes." *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014) (internal quotation marks and citation omitted). Yet, when "the decision involves a preliminary question of law, which is whether a rule of evidence precludes admissibility, the question is reviewed de novo." *McDaniel*, 469 Mich at 412.

As a general principle, in a criminal trial, MRE 404(b)(1) precludes the prosecution from introducing "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith."[2] Nonetheless, where MCL 768.27a applies, "it supersedes MRE 404(b)." *People v Watkins*, 491 Mich 450, 476-477; 818 NW2d 296 (2012). MCL 768.27a provides, in pertinent part, "[I]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). As noted in the statute, evidence introduced under MCL 768.27a may be considered for *any relevant matter*, including "the likelihood of a defendant's criminal sexual behavior toward other minors." *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007). Evidence admissible under MCL 768.27a, however, remains subject to exclusion under MRE 403. *Watkins*, 491 Mich at 481.

The prosecution offered the prior back-rubbing incident as evidence of defendant's prior criminal sexual conduct with a minor. Indeed, as proffered, defendant's prior act of massaging the boy's genitals constituted the "listed offense" of fourth-degree criminal sexual conduct against a minor, meaning that it was admissible as propensity evidence under MCL 768.27a.[3] See MCL 768.27a(2)(a); MCL 28.722(j), (s)(*v*). Defendant, however, argues that the evidence should have been excluded under MRE 403. "Exclusion is required under MRE 403 when the danger of unfair prejudice substantially outweighs the probative value of the evidence." *People v Brown*, 326 Mich App 185, 192; 926 NW2d 879 (2018) (internal citation and quotation marks

---

[2] MRE 404(b)(1) does provide that evidence of other crimes, wrongs, or acts may be admissible

> for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The prosecution has not argued that the statements were admissible under this second provision of MRE 404(b)(1).

[3] As mentioned in defendant's brief, we acknowledge that defendant never said, "I did this" to questions regarding the prior sexual encounter. The defendant's absolute admission is not needed, however, to present the evidence for the jury's deliberation under MCL 768.27a. Defendant made several statements appearing to admit that he did, in fact, touch the boy's genitals, and any questions regarding whether this conduct occurred were questions the trial court instructed the jury to resolve before it could use the evidence for propensity purposes.

omitted). When making its determination under MRE 403, the trial court may consider the following nonexhaustive list of factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Defendant points out that the prior act occurred some 30 years before the incident at issue and argues that the prosecution presented insufficient evidence for the jury to reliably conclude that the prior act did occur. Although we agree that the temporal separation between the prior act and the acts in this case is a factor weighing in favor of exclusion under MRE 403, we cannot conclude that the evidence supporting the prior act was unreliable. Indeed, the prior act was supported by defendant's own alleged admissions during the police interview and any questions whether the conduct actually occurred were properly presented for the jury's determination. Moreover, the prior act was substantially similar to a portion of the conduct for which defendant was charged. Both the prior act and the current charges involve a teenage boy and conduct that occurred, at least partially, in defendant's basement. In both instances, defendant initiated the sexual predation by giving the boy a massage and using the massage as a rouse to touch the boy's genitals. "[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487. Given the significant probative value of the prior-acts evidence, we are unable to conclude that the evidence should have been excluded under MRE 403.

Finally, although defendant does not challenge the trial court's instructions regarding the prior-act evidence in his statement of the questions presented for appeal, defendant argues that the trial court's instruction to the jury "prescribe[d] a finding of guilt" and that his counsel was ineffective for failing to object to the instruction.[4] A defendant requesting reversal of an otherwise valid conviction bears the burden of establishing "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

In regard to the prior-acts evidence, the trial court instructed the jury as follows:

And in this particular case, there's some really tricky stuff that you have to navigate. One of those tricky things was past accusations of sexual behavior. That's really tricky. Most people, they listen to that tape, first of all, you have to—Well, you look at the tape, obviously. It's, it's Mr. Cliff. So, there's no

---

[4] The latter assertion of counsel's ineffectiveness is contained in the statement of questions presented.

-4-

question about Mr. Cliff being there. You still have to make a determination if he's telling the truth.

Before you accept what he says, it's easy to see that it's him, you have to accept that he's telling the truth. And then, if you decide that, you know, just: What is he talking about? And what impact does that have on this trial? Because the tricky part and why, you know, this is just really strange, is because it's almost that you tell, being told lightning strikes twice. If he did it once, he'll do it again. So, you don't even have to really believe this person because, you know, you don't have to go through the same changes because if you believe that he admitted to having inappropriate—He did it before. He'll do it again. That once a person exhibits some behavior, they're gonna do that behavior over and over and over, doesn't matter if it was ten years ago, twenty years ago, thirty years ago, forty years ago, yesterday. You know that's, that's the leap.

So, you have to use that evidence carefully because you have to determine if what you heard today and yesterday, well yesterday and the day before, if that amounts to fulfilling the elements of the crime that Mr. Cliff has been charged with.

We agree with defendant that the trial court's instruction was not clearly worded and note that the better practice would have been for the trial court to give the standard instruction set forth at M Crim JI 20.28a.[5] That being said, the trial court's instruction does contain the substance of M Crim JI 20.28a, particularly the model instruction's requirement that the jury must find that defendant actually committed the prior act before it could use the prior act as propensity evidence. Moreover, the trial court reminded the jury that it was only to convict defendant if it found that his conduct in this case fulfilled each element of the charged offenses.

To the extent that defense counsel could have objected and requested a clearer instruction, we note the tendency of the objection to highlight the prior-acts evidence. Counsel is not ineffective for making a strategic decision not to highlight prejudicial evidence. See *People*

---

[5] M Crim JI 20.28 sets forth the model instruction for prior acts of sexual misconduct as follows:

(1) You have heard evidence that was introduced to show that the defendant has engaged in improper sexual conduct for which the defendant is not on trial.

(2) If you believe this evidence, you must be very careful to consider it for only one, limited purpose, that is, to help you judge the believability of testimony of [*name of complainant*] regarding the act(s) for which the defendant is now on trial.

(3) You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the defendant is a bad person or that the defendant is likely to commit crimes. You must not convict the defendant here because you think [he/she] is guilty of other bad conduct.

*v Horn*, 279 Mich App 31, 40; 755 NW2d 212 (2008). In any event, it is unlikely that the outcome of the proceeding would have been different had defense counsel made the objection. NR testified in significant detail about years of sexual and physical abuse that defendant inflicted upon him. The jury's verdict indicates that it found this testimony credible and the testimony was corroborated, at least in part, by physical evidence at defendant's home. Again, the trial court's instruction contained the basic elements of the model instruction. Given the significant evidence supporting defendant's convictions, it is unlikely that any additional clarity in the trial court's instruction would have altered the outcome of the proceedings. Defendant's claim of ineffective assistance is without merit.

Affirmed.


/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle